**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN THE MATTER OF THE GUARDIANSHIP
PROCEEDING FOR ALFONSO G. SANCHEZ,                    No. 16cv344 KK
AN ALLEGED INCAPACITATED PERSON,

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Alfonso G. Sanchez's ("Sanchez") Notice of

Removal, Doc. 1, filed April 26, 2016.

**Background**

      This case began in the First Judicial District Court, County of Santa Fe, on August 8, 2011,

with the filing of Cecilia Sanchez's Petition for Temporary Emergency Appointment of Guardian

and Conservator and Appointment of Guardian and Conservator ("Petition to Appoint Guardian

and Conservator").   *See* Notice of Removal at 1.   Cecelia Sanchez is Sanchez's wife.   *See*

Application at 1.   The Petition to Appoint Guardian and Conservator alleges that Sanchez is an

"incapacitated person"[1] and seeks protection in the form of the appointment of a guardian and a

conservator for Sanchez pursuant to Article 5 of New Mexico's Uniform Probate Code, Protection

of Persons Under Disability and Their Property, N.M. Stat. Ann. §§ 45-5-101 *et seq.*   *See*

Doc. 5-7.

---

[1] "['I]ncapacitated person' means any person who demonstrates over time either partial or complete functional impairment by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication or other cause, except minority, to the extent that the person is unable to manage the person's personal affairs or the person is unable to manage the person's estate or financial affairs or both."   N.M. Stat. Ann. § 45-5-101(F).

"['I]nability to manage the person's estate or financial affairs or both' means gross mismanagement, as evidenced by recent behavior, of one's income and resources or medical inability to manage one's income and resources that has led or is likely in the near future to lead to financial vulnerability."   N.M. Stat. Ann. § 45-5-101(H).

The First Judicial District Court found that Sanchez "is incapacitated and appointment of a plenary conservator is necessary and desirable as a means of effectively managing his property and financial affairs."   Doc. 5-29 at 23.   The First Judicial District Court appointed Sanchez's daughter, Arlene Sanchez, conservator of the estate of Sanchez and stated that the "conservator should have discretion to determine Alfonso G. Sanchez' direct access to funds available for his discretionary spending and support," after finding that Sanchez's "recent financial and personal actions have demonstrated a lack of insight into his condition and lack of regard for his financial and personal security."   Doc. 5-29 at 22-25.   The First Judicial District Court also found that the "New Mexico State Bar should maintain Alfonso G. Sanchez [an attorney] in inactive status." Doc. 5-29 at 24.   Sanchez indicates that he appealed the ruling of the First Judicial District Court to the New Mexico Court of Appeals and to the New Mexico Supreme Court. *See* Notice of Removal at 1.

Sanchez removed the action from the First Judicial District Court to this Court on April 26, 2016. *See* Notice of Removal.   Sanchez alleges that Petitioner Cecilia Sanchez, her attorney and the First Judicial District Court did not comply with the Uniform Probate Code when seeking appointment of a guardian and a conservator. *See* Notice of Removal at 2-5.   Plaintiff also alleges that Cecilia Sanchez and the Conservator sold a parcel of real estate for much less than the property was worth. *See* Notice of Removal at 6.

**Discussion**

For the reasons stated below, the Court will construe Sanchez's Notice of Removal as a pleading initiating an action to protect his assets.   Because Sanchez does not have the capacity to sue, any action to protect Sanchez's assets must be brought by the Conservator.

2

Sanchez's characterization of this action as a removal of guardianship proceedings in state court is not dispositive.   *See Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court"); *Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976) ("the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states").

This action does not appear to be a removal of state court proceedings because the state court has entered a final order.[2]   The Petition in the First Judicial District Court case sought the appointment of a guardian and a conservator for Sanchez.   The First Judicial District Court entered an order appointing a guardian and a conservator[3] on October 13, 2011, thereby resolving

---

[2] The state court action remains "pending" for administrative purposes.   *See* N.M. Stat. Ann. § 45-5-409 (requiring conservators to file an annual report which includes information concerning the progress and condition of the person under conservatorship, a report on the manner in which the conservator carried out his powers and fulfilled his duties, and the conservator's opinion regarding the continued need for conservatorship).

[3] The Conservator's and Guardian's Reports, both filed November 24, 2015 in Case No. D-101-PQ-2011-00036 in the First Judicial District Court, show:

The Conservator is:

Arlene Sanchez
109 Diamond Tail Road
Placitas, NM 87043

the Guardian is:

Alicia M. Robinson
8100 Barstow St. NE, Apt. 11204
Albuquerque, NM 87122

and the Successor Guardian and Conservator is:

3

the claims raised by the Petition.  *See Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007)

(orders fully resolving claims raised by guardianship and conservatorship petitions constituted

final judgments) (discussing *Scott v. Scott*, 136 P.3d 892, 894 (Colo. 2006)).   Furthermore, even if

the Court construed Sanchez's filing as a Notice of Removal, removal was improper because this

Court does not have jurisdiction over the matter.   Generally, "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant or the defendants, to the district court of the United States."

28 U.S.C. § 1441(a).

> Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all
> civil actions arising under the Constitution, laws, or treaties of the United States."
> "To determine whether [a] claim arises under federal law, [courts] examine the
> 'well[-]pleaded' allegations of the complaint and ignore potential defenses. . . ."
> Under the "well-leaded complaint" rule, "a suit arises under federal law 'only when
> the plaintiff's statement of his own cause of action shows that it is based' on federal
> law."   "By omitting federal claims from a complaint, a plaintiff can [generally]
> guarantee an action will be heard in state court."

*Devon Energy Production Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir.

2012) (citations omitted).   "[T]hat the defendant possesses a federal defense is not sufficient to

invoke federal question jurisdiction.   *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220

(10th Cir. 2011).   Although Sanchez alleges he is removing this case pursuant to

28 U.S.C. § 1331, which states that federal "district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States," there are no

---

Cecilia Sanchez
    2853 Calle Princesa Juana
    Santa Fe, NM 87507.

allegations in the Petition to Appoint Guardian and Conservator which show that the guardianship proceeding in the First Judicial District Court arises under federal law.  It also appears that Sanchez's 2016 removal of the case initiated in state court in 2011 is untimely.  *See* 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days after receipt of the initial pleading).

Sanchez alleges that Petitioner Cecilia Sanchez, her attorney and the First Judicial District Court did not comply with the Uniform Probate Code when seeking appointment of a guardian and a conservator apparently seeking review by this Court of the state court judgment.  *See* Notice of Removal at 2-5.  This Court cannot provide the review Sanchez may be requesting because the "*Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state court judgments rendered before the [federal] district court proceedings commenced."  *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (federal complaint seeking relief that would have nullified probate court orders appointing guardian and conservator for incapacitated adult impermissibly sought review and reversal of state court judgments, and thus was encompassed within Rooker-Feldman doctrine precluding review of state court judgments in the federal district courts) (noting that "[e]ven if the probate court's decision was wrong, that does not make its judgment void, but merely leaves it open to reversal or modification in an appropriate and timely appellate proceeding") (quoting *Lance v. Dennis*, 546 U.S. 459 (2006)).[4]  Finally, the Court notes that if Sanchez wishes to

---

[4] The state court case docket indicates that the state court appointed a guardian ad litem on December 6, 2013, a motion to reconsider/review was filed on January 21, 2014, and a notice of appeal to the New Mexico Court of Appeals and the New Mexico Supreme Court was filed on February 21, 2014.  On March 21, 2014, the guardian ad litem filed a motion to withdraw, which the state court granted on March 27, 2014.

terminate the conservatorship, he may petition the state court. *See* N.M. Stat. Ann. § 45-5-30 ("The protected person, his personal representative, the conservator or any other person interested in the welfare of a person for whom a conservator has been appointed may petition the court to terminate the conservatorship"); N.M. Stat. Ann. § 45-5-30 ("On the petition of the incapacitated person or any person interested in his welfare, the court may remove a conservator for good cause, upon notice and hearing").

Sanchez does not have the capacity to sue regarding his claim that his wife and the Conservator sold a 19.907 acre parcel of real estate for $72,000, which Sanchez contends is much less than the true value of the property. *See* Notice of Removal at 6-11. The papers filed by Sanchez indicate that the First Judicial District Court adjudged Sanchez "incapacitated" and appointed a conservator. *See* Doc. 5-29. "A conservator is authorized to generally manage all aspects of the incapacitated person's estate, including operating any business, investing funds, buying and selling property, and employing accountants and attorneys." *Matter of Estate of Gardner v. Gholson*, 1992-NMCA-122, ¶ 23, 845 P.2d 1247, 1253 (summarizing N.M. Stat. Ann. § 45-5-424). "When an incompetent person is represented by 'a general guardian, committee, conservator, or other like fiduciary,' that representative is the proper person to sue or defend on her behalf." *Wallace ex rel. Wallace v. Oklahoma Dept. of Human Services*, 109 Fed.Appx. 240, 243 (10th Cir. 2004) (citing Fed. R. Civ. P. 17(c)[5]).

---

[5] Rule 17 of the Federal Rules of Civil Procedure provides:

**Minor or Incompetent Person.**

**(1) *With a Representative.*** The following representatives may sue or defend on behalf of a minor or an incompetent person:

If Sanchez's Conservator wishes to pursue the action on Sanchez's behalf, she must file a complaint within 21 days of entry of this Order or this action may be dismissed without prejudice.

**IT IS ORDERED** that the Clerk mail copies of this Order to the Conservator, at the following address:

> Arlene Sanchez
> 109 Diamond Tail Road
> Placitas, NM 87043

to the Guardian at the following address:

> Alicia M. Robinson
> 8100 Barstow St. NE, Apt. 11204
> Albuquerque, NM 87122

and to the Successor Guardian and Conservator at the following address:

> Cecilia Sanchez
> 2853 Calle Princesa Juana
> Santa Fe, NM 87507.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

**(A)** a general guardian;
**(B)** a committee;
**(C)** a conservator; or
**(D)** a like fiduciary.

**(2)** *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R.Civ. P. 17(c).